**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number *(if known)* _____   Chapter   __11__

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Windy City Financial Partners, Inc.** |

| | |
|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names |

| | |
|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN)   **26-0709899** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **2500 West Higgins Rd.**<br>**Suite 360**<br>**Hoffman Estates, IL 60169**<br>Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Cook**<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL) _____

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor   **Windy City Financial Partners, Inc.**                                      Case number (*if known*) _____
         Name

**7.**  **Describe debtor's business**   A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

____

**8.**  **Under which chapter of the Bankruptcy Code is the debtor filing?**   *Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

   ■ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

   ■ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.**  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10.**  **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

■ No

☐ Yes.

| Debtor | _____ | | | Relationship | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |

Debtor   **Windy City Financial Partners, Inc.**                    Case number (*if known*) _____
         Name

---

**11.** **Why is the case filed in**    *Check all that apply:*
     ***this district?***

■    Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐    A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.** **Does the debtor own or**    ■ **No**
     **have possession of any**
     **real property or personal**    ☐ **Yes.**   Answer below for each property that needs immediate attention. Attach additional sheets if needed.
     **property that needs**
     **immediate attention?**

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**   _____
                          Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ **No**

☐ **Yes.**   Insurance agency   _____

         Contact name   _____

         Phone   _____

---

■    **Statistical and administrative information**

**13.** **Debtor's estimation of**   .   *Check one:*
     **available funds**

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14.** **Estimated number of**   ■ 1-49          ☐ 1,000-5,000        ☐ 25,001-50,000
     **creditors**            ☐ 50-99         ☐ 5001-10,000        ☐ 50,001-100,000
                          ☐ 100-199        ☐ 10,001-25,000       ☐ More than100,000
                          ☐ 200-999

---

**15.** **Estimated Assets**   ☐ $0 - $50,000              ☐ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion
                        ☐ $50,001 - $100,000          ☐ $10,000,001 - $50  million      ☐ $1,000,000,001 - $10 billion
                        ■ $100,001 - $500,000         ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
                        ☐ $500,001 - $1 million        ☐ $100,000,001 - $500 million     ☐ More than $50 billion

---

**16.** **Estimated liabilities**   ☐ $0 - $50,000              ■ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion
                           ☐ $50,001 - $100,000          ☐ $10,000,001 - $50  million      ☐ $1,000,000,001 - $10 billion
                           ☐ $100,001 - $500,000         ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
                           ☐ $500,001 - $1 million        ☐ $100,000,001 - $500 million     ☐ More than $50 billion

---

Debtor    **Windy City Financial Partners, Inc.**                                    Case number (*if known*) _____
        Name

---

████  Request for Relief, Declaration, and Signatures

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | |
|---|---|
| **17. Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **July 31, 2018**
                MM / DD / YYYY

**X** **/s/ Robert Lyman**                                          **Robert Lyman**
    Signature of authorized representative of debtor                Printed name

Title    **President**

---

**18. Signature of attorney**

**X** **/s/ Joshua D. Greene**                          Date    **July 31, 2018**
    Signature of attorney for debtor                            MM / DD / YYYY

**Joshua D. Greene**
Printed name

**Springer Brown, LLC**
Firm name

**300 S. County Farm Road**
**Suite I**
**Wheaton, IL 60187**
Number, Street, City, State & ZIP Code

Contact phone    **630-510-0000**        Email address    **www.springerbrown.com**

**6292914 IL**
Bar number and State

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **Windy City Financial Partners, Inc.** |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (if known) | _____ |

☐ Check if this is an
amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐    *Schedule H: Codebtors* (Official Form 206H)
☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐    Amended *Schedule*
☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐    Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | __July 31, 2018__ | X /s/ Robert Lyman |
|---|---|---|
| | | Signature of individual signing on behalf of debtor |
| | | **Robert Lyman** |
| | | Printed name |
| | | **President** |
| | | Position or relationship to debtor |

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | **Windy City Financial Partners, Inc.** |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF ILLINOIS** |
| Case number (if known): | _____ |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Access One-Telephones 820 W Jackson Suite 650 Chicago, IL 60607** | | **Trade debt** | | | | **$596.75** |
| **Accounting Freedom 468 N Lake Street Mundelein, IL 60060** | | | | | | **$788.00** |
| **AIN 2801 Townsgate Rd. Suite 350 Westlake Village, CA 91361** | | | | | | **$3,000.00** |
| **Amex Box 0001 Los Angeles, CA 90096** | | | | | | **$647.58** |
| **AXA 8501 IBM Drive Suite 150 Charlotte, NC 28262** | | **Trade debt** | | | | **$33,672.22** |
| **Bob Lyman 2500 W. Higgins Road Suite 360 Hoffman Estates, IL 60169** | | **Loans to Company** | | | | **$1,138,248.00** |
| **Brown & Brown Insurance PO Box 7048 Orange, CA 92863** | | | | | | **$4,771.00** |
| **Duku 10866 Washington Blvd #126 Culver City, CA 90232** | | | | | | **$625.00** |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

Debtor    **Windy City Financial Partners, Inc.**                                    Case number *(if known)* _____
              Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Estate and Trust Services Group c/o Gregory Friedman 150 S. Wacker Drive, Suite 2600 Chicago, IL 60606** | | **JP Morgan Chase Bank - Checking - Acct# 7950** | **Disputed** | **$261,118.00** | **$415,896.36** | **$44,375.59** |
| **Faulkner 12395 World Trade Drive San Diego, CA 92102** | | | | | | **$467.00** |
| **FSG 1520 Carlemont Drive Suite J Crystal Lake, IL 60014** | | **Overrides Due** | | | | **$126,365.54** |
| **Hancock 30 Dan Road Suite 55765 Canton, MA 02021** | | | | | | **$3,134.99** |
| **Illinois Department of Revenue Bankruptcy Section Level 7-425 100 W. Randolph Street Chicago, IL 60602** | | **Taxes** | | | | **$1,328.00** |
| **Internal Revenue Service Mail Stop 5010 CHI 230 S. Dearborn Street Chicago, IL 60604** | | **Taxes** | | | | **$9,399.70** |
| **Ipipline 222 Valley Creek Blve Suite 300 Exton, PA 19341** | | | | | | **$717.75** |
| **Northern Trust 50 S LaSalle Street Chicago, IL 60603** | | | | | | **$1,000.00** |
| **Pacific Life Insurance 45 Enterprise Drive Mail Stop: NALO Riverdale, CA 93656** | | **Trade debt** | | | | **$4,357.80** |
| **Rent Po Box 776247 Chicago, IL 60677** | | | | | | **$2,500.00** |

Debtor    **Windy City Financial Partners, Inc.**
    Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| **Scott Hunken**<br>**2550 Compass Road**<br>**Suite H**<br>**Glenview, IL 60026** | | **Overrides Due** | | | | **$10,401.91** |
| **United Health Care**<br>**9800 Helath Care**<br>**Lane**<br>**Minneapolis, MN**<br>**55440-1459** | | **Health Insurance** | | | | **$9,332.17** |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor name</td><td><strong>Windy City Financial Partners, Inc.</strong></td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>NORTHERN DISTRICT OF ILLINOIS</td></tr>
<tr><td>Case number (if known)</td><td></td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

| Part 1: | Summary of Assets |
|---|---|

1.  ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

    **1a. Real property:**
    Copy line 88 from *Schedule A/B*...........................................................................   $     **0.00**

    **1b. Total personal property:**
    Copy line 91A from *Schedule A/B*.......................................................................   $     **425,296.36**

    **1c. Total of all property:**
    Copy line 92 from *Schedule A/B*.........................................................................   $     **425,296.36**

| Part 2: | Summary of Liabilities |
|---|---|

2.  ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*....................   $     **460,271.95**

3.  ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

    **3a. Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*..........................................   $     **10,727.70**

    **3b. Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*...............................   +$     **1,343,306.11**

4.  Total liabilities ...................................................................................................
    Lines 2 + 3a + 3b   $     **1,814,305.76**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name **Windy City Financial Partners, Inc.**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

3.  **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*
    Name of institution (bank or brokerage firm)      Type of account      Last 4 digits of account number

| | | | | |
|---|---|---|---|---|
| 3.1. | **JP Morgan Chase Bank** | **Checking** | **7950** | **$415,896.36** |

4.  **Other cash equivalents** *(Identify all)*

5.  **Total of Part 1.**      $415,896.36
    Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and Prepayments |
|---|---|

**6. Does the debtor have any deposits or prepayments?**

■ No. Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
|---|---|

**10. Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
■ Yes Fill in the information below.

11.  **Accounts receivable**

| 11a. 90 days old or less: | 0.00 | - | 0.00 | = .... | Unknown |
|---|---|---|---|---|---|
| | face amount | | doubtful or uncollectible accounts | | |

---

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

| Debtor | **Windy City Financial Partners, Inc.** | Case number *(If known)* | |
|---|---|---|---|
| | Name | | |

| 12. | **Total of Part 3.** | **$0.00** |
|---|---|---|
| | Current value on lines 11a + 11b = line 12.  Copy the total to line 82. | |

**Part 4:** Investments

**13. Does the debtor own any investments?**

- ☒ No.  Go to Part 5.
- ☐ Yes Fill in the information below.

**Part 5:** Inventory, excluding agriculture assets

**18. Does the debtor own any inventory (excluding agriculture assets)?**

- ☒ No.  Go to Part 6.
- ☐ Yes Fill in the information below.

**Part 6:** Farming and fishing-related assets (other than titled motor vehicles and land)

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

- ☒ No.  Go to Part 7.
- ☐ Yes Fill in the information below.

**Part 7:** Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

- ☐ No.  Go to Part 8.
- ☒ Yes Fill in the information below.

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 39. | **Office furniture** **Office Furniture and Fixtures** | **$0.00** | | **$4,500.00** |
| | **Office equipment** | **$0.00** | | **$4,900.00** |

| 40. | **Office fixtures** |
|---|---|
| 41. | **Office equipment, including all computer equipment and communication systems equipment and software** |
| 42. | **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles |

| 43. | **Total of Part 7.** | **$9,400.00** |
|---|---|---|
| | Add lines 39 through 42.  Copy the total to line 86. | |

**44. Is a depreciation schedule available for any of the property listed in Part 7?**
- ☒ No
- ☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**
- ☒ No
- ☐ Yes

| Official Form 206A/B | Schedule A/B Assets - Real and Personal Property | page 2 |
|---|---|---|

Debtor    **Windy City Financial Partners, Inc.**    Case number *(If known)* _____
         Name

---

| Part 8: | **Machinery, equipment, and vehicles** |

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

 ■ No.  Go to Part 9.
 ☐ Yes Fill in the information below.

---

| Part 9: | **Real property** |

54. **Does the debtor own or lease any real property?**

 ■ No.  Go to Part 10.
 ☐ Yes Fill in the information below.

---

| Part 10: | **Intangibles and intellectual property** |

59. **Does the debtor have any interests in intangibles or intellectual property?**

 ■ No.  Go to Part 11.
 ☐ Yes Fill in the information below.

---

| Part 11: | **All other assets** |

70. **Does the debtor own any other assets that have not yet been reported on this form?**
    Include all interests in executory contracts and unexpired leases not previously reported on this form.

 ■ No.  Go to Part 12.
 ☐ Yes Fill in the information below.

---

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor   **Windy City Financial Partners, Inc.**
Name

Case number *(If known)* _____

---

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $415,896.36 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $9,400.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9* .................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $425,296.36 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $425,296.36 |

**Fill in this information to identify the case:**

Debtor name **Windy City Financial Partners, Inc.**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known)

☐ Check if this is an amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|

**2.1 Estate and Trust Services Group**
Creditor's Name

**c/o Gregory Friedman
150 S. Wacker Drive, Suite 2600
Chicago, IL 60606**
Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes. Specify each creditor, including this creditor and its relative priority.
**1. JP Morgan Chase Bank NA
2. Estate and Trust Services Group**

**Describe debtor's property that is subject to a lien**
**JP Morgan Chase Bank - Checking - Acct# 7950**

**Describe the lien**
**Citation Lien**
**Is the creditor an insider or related party?**
☑ No
☐ Yes
**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
☑ Disputed

Amount of claim: **$261,118.00**    Value of collateral: **$415,896.36**

---

**2.2 JP Morgan Chase Bank NA**
Creditor's Name

**120 S. LaSalle St.
Chicago, IL 60603**
Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**
**2015**

**Describe debtor's property that is subject to a lien**
**JP Morgan Chase Bank - Checking - Acct# 7950**

**Describe the lien**
**Security Agreement Note/UCC-1**
**Is the creditor an insider or related party?**
☑ No
☐ Yes
**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

Amount of claim: **$199,153.95**    Value of collateral: **$415,896.36**

---

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor    **Windy City Financial Partners, Inc.**                                    Case number (if know)
          _____                              _____
          Name

**Last 4 digits of account number**

| **Do multiple creditors have an interest in the same property?** | **As of the petition filing date, the claim is:** Check all that apply |
|---|---|
| ☐ No | ☐ Contingent |
| ■ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| **Specified on line 2.1** | ☐ Disputed |

3.   **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**     $460,271.95

**Part 2:   List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | | |

Official Form 206D          Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**          page 2 of 2

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name    **Windy City Financial Partners, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known)  _____

☐ Check if this is an
amended filing

## Official Form 206E/F
# Schedule E/F: Creditors Who Have Unsecured Claims                12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ■ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors
   with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | Total claim | Priority amount |
|---|---|---|---|---|
| 2.1 | Priority creditor's name and mailing address<br>**Illinois Department of Revenue**<br>**Bankruptcy Section Level 7-425**<br>**100 W. Randolph Street**<br>**Chicago, IL 60602** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $1,328.00 | $1,328.00 |
| | Date or dates debt was incurred<br>**2018** | Basis for the claim:<br>**Taxes** | | |
| | Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (8) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |
| 2.2 | Priority creditor's name and mailing address<br>**Internal Revenue Service**<br>**Mail Stop 5010 CHI**<br>**230 S. Dearborn Street**<br>**Chicago, IL 60604** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $9,399.70 | $9,399.70 |
| | Date or dates debt was incurred<br>**2018** | Basis for the claim:<br>**Taxes** | | |
| | Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (8) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
   out and attach the Additional Page of Part 2.

Amount of claim

| Debtor | **Windy City Financial Partners, Inc.** | Case number (if known) | |
|--------|------------------------------------------|------------------------|---|
| | Name | | |

---

**3.1** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$596.75**

**Access One-Telephones**
**820 W Jackson**
**Suite 650**
**Chicago, IL 60607**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **Trade debt**

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

**3.2** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$788.00**

**Accounting Freedom**
**468 N Lake Street**
**Mundelein, IL 60060**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

**3.3** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$3,000.00**

**AIN**
**2801 Townsgate Rd.**
**Suite 350**
**Westlake Village, CA 91361**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

**3.4** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$647.58**

**Amex**
**Box 0001**
**Los Angeles, CA 90096**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

**3.5** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$33,672.22**

**AXA**
**8501 IBM Drive**
**Suite 150**
**Charlotte, NC 28262**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **Trade debt**

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

**3.6** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$330.10**

**Bank s/c**
**2560 W Golf Road**
**Hoffman Estates, IL 60169**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

**3.7** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$1,138,248.00**

**Bob Lyman**
**2500 W. Higgins Road**
**Suite 360**
**Hoffman Estates, IL 60169**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **Loans to Company**

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| Debtor | **Windy City Financial Partners, Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

---

**3.8** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$4,771.00**

**Brown & Brown Insurance**
**PO Box 7048**
**Orange, CA 92863**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

---

**3.9** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$228.38**

**Comcast**
**2800 W Higgins Rd**
**Hoffman Estates, IL 60169**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

---

**3.10** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$250.00**

**ComEd**
**PO Box 6111**
**Carol Stream, IL 60197**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

---

**3.11** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$250.00**

**D & D Office**
**940 W Lake Street**
**Roselle, IL 60172**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

---

**3.12** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$625.00**

**Duku**
**10866 Washington Blvd #126**
**Culver City, CA 90232**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

---

**3.13** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$96.78**

**Express Image-APS**
**PO Box 185**
**Torrance, CA 90507**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

---

**3.14** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$467.00**

**Faulkner**
**12395 World Trade Drive**
**San Diego, CA 92102**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ■ No ☐ Yes

---

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor | **Windy City Financial Partners, Inc.** | Case number *(if known)* |
|---|---|---|
| | Name | |

| 3.15 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$200.00** |
|---|---|---|---|

**FedEx**
**PO Box 94515**
**Palatine, IL 60094**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.16 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$126,365.54** |
|---|---|---|---|

**FSG**
**1520 Carlemont Drive**
**Suite J**
**Crystal Lake, IL 60014**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _ **Overrides Due**

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.17 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$50.00** |
|---|---|---|---|

**Google**
**1600 Amphitheatre Parkway**
**Mountain View, CA 94043**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.18 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$3,134.99** |
|---|---|---|---|

**Hancock**
**30 Dan Road**
**Suite 55765**
**Canton, MA 02021**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.19 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$65.82** |
|---|---|---|---|

**Hinkley Springs**
**PO Box 660579**
**Dallas, TX 75266**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.20 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$717.75** |
|---|---|---|---|

**Ipipline**
**222 Valley Creek Blve**
**Suite 300**
**Exton, PA 19341**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.21 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$375.00** |
|---|---|---|---|

**Janitorial**
**305 S Roselle Rd**
**Roselle, IL 60172**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| Debtor | **Windy City Financial Partners, Inc.** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

---

**3.22** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$260.00**

**NAIFA**
**2901 Telestar Ct**
**Falls Church, VA 22042**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No  ☐ Yes

---

**3.23** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$260.00**

**NetAssurance**
**578 Washington Blvd # 548**
**Marina Del Rey, CA 90292**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No  ☐ Yes

---

**3.24** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$0.00**

**Nicor**
**PO Box 5407**
**Carol Stream, IL 60197**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **Utilities combined with ComEd**

Last 4 digits of account number _

Is the claim subject to offset? ■ No  ☐ Yes

---

**3.25** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$0.00**

**NIPR licenses**
**1100 Walnut Street**
**Suite 1500**
**Kansas City, MO 64106**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No  ☐ Yes

---

**3.26** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$1,000.00**

**Northern Trust**
**50 S LaSalle Street**
**Chicago, IL 60603**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No  ☐ Yes

---

**3.27** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$4,357.80**

**Pacific Life Insurance**
**45 Enterprise Drive**
**Mail Stop: NALO**
**Riverdale, CA 93656**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **Trade debt**

Last 4 digits of account number _

Is the claim subject to offset? ■ No  ☐ Yes

---

**3.28** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$60.00**

**Postage**
**3001 Summer Street**
**Stamford, CT 06926**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number _

Is the claim subject to offset? ■ No  ☐ Yes

---

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

| Debtor | **Windy City Financial Partners, Inc.** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 3.29 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $2,500.00 |
|---|---|---|---|

**Rent**
Po Box 776247
Chicago, IL 60677

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim: __

Last 4 digits of account number __

Is the claim subject to offset? ■ No  ☐ Yes

| 3.30 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $10,401.91 |
|---|---|---|---|

**Scott Hunken**
2550 Compass Road
Suite H
Glenview, IL 60026

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim: __Overrides Due__

Last 4 digits of account number __

Is the claim subject to offset? ■ No  ☐ Yes

| 3.31 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $254.32 |
|---|---|---|---|

**SureLC**
6501 Congress Ave.
Suite 240
Boca Raton, FL 33487

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim: __

Last 4 digits of account number __

Is the claim subject to offset? ■ No  ☐ Yes

| 3.32 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $9,332.17 |
|---|---|---|---|

**United Health Care**
9800 Helath Care Lane
Minneapolis, MN 55440-1459

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim: __Health Insurance__

Last 4 digits of account number __

Is the claim subject to offset? ■ No  ☐ Yes

---

**Part 3:**   **List Others to Be Notified About Unsecured Claims**

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | **Internal Revenue Service**<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Line __2.2__<br><br>☐ Not listed. Explain ____ | __ |

---

**Part 4:**   **Total Amounts of the Priority and Nonpriority Unsecured Claims**

5.  Add the amounts of priority and nonpriority unsecured claims.

| | | Total of claim amounts |
|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ 10,727.70 |
| 5b. Total claims from Part 2 | 5b. + | $ 1,343,306.11 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. | $ 1,354,033.81 |

**Fill in this information to identify the case:**

Debtor name    **Windy City Financial Partners, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known)

☐ Check if this is an
amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases          12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.  **Does the debtor have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
    ☒ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| 2.1.  State what the contract or lease is for and the nature of the debtor's interest | **39 month lease for office located at 2500 West Higgins Road, Hoffman Estates, Illinois** |
| State the term remaining | **37 months** |
| List the contract number of any government contract | **Hanover Hoffman Estates, LLC c/o Illinois Property Solutions 1809 N. Mill St., Suite E Naperville, IL 60563** |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name    **Windy City Financial Partners, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known)    _____

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Your Codebtors    12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

Column 1: **Codebtor**

Column 2: **Creditor**

| | Name | Mailing Address | Name | Check all schedules that apply: |
|---|---|---|---|---|
| 2.1 | **Bob Lyman** | **2500 West Higgins Road Suite 360 Hoffman Estates, IL 60169** | **JP Morgan Chase Bank NA** | ■ D   **2.2**_____ <br> ☐ E/F _____ <br> ☐ G _____ |
| 2.2 | **Estate of Eric Ekstrom** | | | ☐ D _____ <br> ☐ E/F _____ <br> ☐ G _____ |

**Fill in this information to identify the case:**

Debtor name    **Windy City Financial Partners, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known)    _____

☐ Check if this is an
amended filing

## Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    **04/16**

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

| Part 1: | Income |

### 1. Gross revenue from business

☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From **1/01/2018** to **Filing Date** | ■ Operating a business<br>☐ Other _____ | **$528,181.00** |
| **For prior year:**<br>From **1/01/2017** to **12/31/2017** | ■ Operating a business<br>☐ Other _____ | **$1,759,563.00** |
| **For year before that:**<br>From **1/01/2016** to **12/31/2016** | ■ Operating a business<br>☐ Other _____ | **$2,635,034.00** |

### 2. Non-business revenue

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

■ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

■ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|

### 4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed

Debtor   **Windy City Financial Partners, Inc.**                                    Case number *(if known)* _____

or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

■ None.

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5.  **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6.  **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:**   **Legal Actions or Assignments**

7.  **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1.  **Estate and Trust Services Group, LLC v. Windy City Financial Partners, Inc. 2012CH32739** | | **Circuit Court of Cook County, Illinois** | ☐ Pending ☐ On appeal ■ Concluded |

8.  **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

**Part 4:**   **Certain Gifts and Charitable Contributions**

9.  **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5:**   **Certain Losses**

10.  **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

Debtor   **Windy City Financial Partners, Inc.**                                    Case number *(if known)* _____

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
|---|---|---|---|
| | | | |

## Part 6:   Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

■ None.

| Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**

List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer?<br>Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

## Part 7:   Previous Locations

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy<br>From-To |
|---|---|

## Part 8:   Health Care Bankruptcies

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If  debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

## Part 9:   Personally Identifiable Information

Debtor   **Windy City Financial Partners, Inc.**                                                Case number *(if known)* _____

16. **Does the debtor collect and retain personally identifiable information of customers?**

   ☑ No.
   ☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

   ☑ No. Go to Part 10.
   ☐ Yes. Does the debtor serve as plan administrator?

**Part 10:**   **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

18. **Closed financial accounts**
   Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
   Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

   ☑ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
   List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

   ☑ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

20. **Off-premises storage**
   List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

   ☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

**Part 11:**   **Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**
   List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

   ☑ None

**Part 12:**   **Details About Environment Information**

For the purpose of Part 12, the following definitions apply:
   *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

   *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

   *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor   **Windy City Financial Partners, Inc.**                    Case number *(if known)* _____

similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

    ■ No.
    ☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and<br>address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

    ■ No.
    ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and<br>address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

    ■ No.
    ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and<br>address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:   Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
    List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
    Include this information even if already listed in the Schedules.

    ■ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|

26. **Books, records, and financial statements**
    26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
    ☐ None

| Name and address | Date of service<br>From-To |
|---|---|
| 26a.1.   **Accounting Freedom, ltd.**<br>**468 North Lake St.**<br>**Mundelein, IL 60060** | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor   **Windy City Financial Partners, Inc.**                       Case number *(if known)* _____

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.   **Bob Lyman** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|

## 27. Inventories
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

## 28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Robert Lyman** | **792 Wortham Mundelein, IL 60060** | **President** | **75%** |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Susan Ekstrom** | **0N545 Dorchester Avenue Wheaton, IL 60187** | | **25%** |

## 29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

■ No

☐ Yes. Identify below.

## 30. Payments, distributions, or withdrawals credited or given to insiders
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No

■ Yes. Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1. | **Bob Lyman** | **$25,000 Salary; $25,000 Health Insurance Benefits** | **2017-2018** | |
| | **Relationship to debtor**<br>**President** | | | |

## 31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

■ No

☐ Yes. Identify below.

Debtor    **Windy City Financial Partners, Inc.**                                          Case number *(if known)* _____

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the parent corporation |
|---|---|

**Part 14:    Signature and Declaration**

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **July 31, 2018**    _____

**/s/ Robert Lyman**                                          **Robert Lyman** _____
Signature of individual signing on behalf of the debtor         Printed name

Position or relationship to debtor    **President** _____

**Are additional pages to** *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* **(Official Form 207) attached?**
☑ No
☐ Yes

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                          Best Case Bankruptcy

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### Northern District of Illinois

In re    **Windy City Financial Partners, Inc.** _____    Case No. _____
_____ Debtor(s)    Chapter    **11**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept ........................................... $ _____ **10,000.00**

   Prior to the filing of this statement I have received ........................... $ _____ **10,000.00**

   Balance Due ................................................................................ $ _____ **0.00**

2. $ **1,717.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ☐ Debtor    ■ Other (specify):    **Bob Lyman**

4. The source of compensation to be paid to me is:

   ■ Debtor    ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
   e. [Other provisions as needed]
      **All fees subject to court approval.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

**CERTIFICATION**

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**July 31, 2018** _____    **/s/ Joshua D. Greene**
*Date*    **Joshua D. Greene**
    *Signature of Attorney*
    **Springer Brown, LLC**
    **300 S. County Farm Road**
    **Suite I**
    **Wheaton, IL 60187**
    **630-510-0000  Fax: 630-510-0004**
    **www.springerbrown.com**
    *Name of law firm*

---

# RETAINER AGREEMENT

THIS RETAINER AGREEMENT IS MADE BY AND BETWEEN:

Joshua D. Greene
Springer Brown, LLC
300 S. County Farm Road
Suite I
Wheaton, IL 60187
jgreene@springerbrown.com

(hereinafter referred to as **"Attorney,"** and;

Windy City Financial Partners, Inc.
c/o Robert Lyman
2500 West Higgins Road
Suite 360
Hoffman Estates, IL 60169

(hereinafter referred to as **"Client"**)

Collectively, Attorney and Client are hereinafter referred to as the **"Parties."**

## WITNESSETH

WHEREAS, Attorney has expertise in the representation of clients in bankruptcy matters and associated proceedings related thereto; and

WHEREAS, Client requires legal services related to its financial affairs that may include the filing of a bankruptcy petition; and

WHEREAS, Client desires to retain Attorney to represent Windy City Financial Partners, Inc. with respect to certain bankruptcy matters, including filing of a Chapter 11 Petition, and Attorney is agreeable to such a relationship and/or arrangement, and the Parties desire a written document formalizing and defining their relationship and evidencing the terms of their agreement;

THEREFORE, in consideration of the mutual covenants contained herein and other good and valuable consideration, it is agreed as follows:

## 1. Appointment.

Client hereby appoints Attorney as counsel for Windy City Financial Partners, Inc. and hereby retains and employs Attorney upon the terms and conditions of this Agreement.

**2. Engagement**

Attorney hereby accepts said Retainer Agreement and agrees to represent Windy City Financial Partners, Inc. upon the terms and conditions of this Agreement.

**3. Authority and Description of Services**

During the term of this Agreement Attorney shall provide such professional services and advice in connection with such matters as are specifically requested by Client, or as in the professional judgment of Attorney are reasonably necessary.

**4. Term of Agreement**

This Agreement shall become effective upon execution hereof and shall continue thereafter and remain in effect until the resolution of the case, or until the earlier termination by one of the Parties as provided herein.

**5. Advance payment retainer**

a. Attorney shall not be obligated to provide the services described herein until an advance payment retainer in the amount of $10,000.00 for attorney fees and $1,717.00 for the court filing fee is received.

b. The retainer to be paid under this Agreement is called an advance payment retainer. An advance payment retainer becomes the property of the attorney upon receipt. An advance payment retainer is not deposited in the attorney's trust account but is deposited in the attorney's general account. Services provided by Attorney and costs and expenses incurred in the defense of the case will be charged against the retainer as they are performed or incurred, or as otherwise set forth in this Agreement. On a periodic basis Attorney will render bills to Client showing the amount drawn against the retainer for services rendered and costs and expenses incurred. At the conclusion of the case or earlier termination of this Agreement any surplus of the retainer remaining will be refunded to Client. Attorney has chosen an advance payment retainer in this Agreement because Client is a defendant or potentially a defendant in numerous pending and potential lawsuits and in the event of the entry of an adverse judgment, the balance of the retainer would otherwise be subject to the remedies for collection available to the plaintiff.

c. Another type of retainer is called a security retainer. A security retainer remains the property of the client and is required to be deposited in the attorney's trust account. On a periodic basis the attorney renders bills to the client showing the amount due for services rendered and costs and expenses incurred. In the absence of an objection from the client the attorney may draw against the security retainer. At the conclusion of the case or earlier termination of the Attorney-Client relationship, the amount of the security retainer remaining in the trust account will be refunded to the client.

d. Client has the option to decline to pay an advanced payment retainer and insist upon the

use of a security retainer. In that event, however, Attorney retains the right to decline the representation of Client and in that case this Agreement shall be immediately terminated and neither of the Parties shall have any further rights against or obligations to the other.

## 6. Duties of Client

The duties of Client are as follows:

a.  Client shall supply Attorney on a regular and timely basis with all information and documents relevant to the issues in the case, or requested by Attorney, or responsive to any discovery initiated in the case.

b.  Client shall be responsible for advising Attorney of any information or documents that would affect the accuracy of any prior information given to Attorney.

c.  Client shall make himself available for a deposition or examination in the case, if requested.

d.  Client shall assist in any negotiations for settlement of the case.

e.  Because Attorney shall rely on such information to be supplied by Client, all such information shall be true, accurate, complete and not misleading, in all respects.

f.  Client shall keep himself advised of the progress of the case and shall act diligently and promptly in reviewing materials submitted to him by Attorney and shall inform Attorney of any inaccuracies contained therein or objections thereto within a reasonable time so as to enable Attorney to make any corrections.

g.  Client shall otherwise cooperate fully and timely with Attorney to enable Attorney to perform its duties and obligations under this Agreement.

## 7. Compensation, billing and payment

Attorney shall be compensated for services hereunder at the rate of $350.00 per hour for services to Client. In addition to the above amounts, Attorney shall be reimbursed for all reasonable and necessary costs and expenses advanced on behalf of Client. On a monthly basis, or more frequently in the discretion of Attorney, Attorney shall render bills to Client showing the amount earned for services rendered and due for costs and expenses advanced. Such amount shall be charged against the amount of any remaining retainer with the balance due and payable by Client within thirty (30) days of the date of the bill. Any amount remaining unpaid after thirty (30) days shall bear simple interest at the rate of eighteen (18%) percent per annum. Attorney has a policy that in the event a payment is not made on the date due, then in that event work may be suspended, without notice, until such time as arrangements have been made for payment.

**8. Termination of Agreement**

This Agreement may be terminated by either party prior to the conclusion of the case by notice to the other. It is specifically agreed that in the event Client fails or refuses to cooperate with Attorney or fails or refuses to make timely payment of the compensation set forth in this Agreement, Attorney shall have the right to suspend any further performance under this Agreement until such time as payment is made or, upon notice to Client, terminate this Agreement and withdraw from the case. In such event all compensation shall become immediately due and payable.

**9. Notices**

Notice hereunder may be written or oral and if written, shall be addressed to the party at the address shown above or at such other address as the party may designate and may be given in person or by first class mail, postage prepaid, facsimile, or email. Notice in person, by facsimile or by email shall be effective immediately. Notice by first class mail, postage prepaid, shall be effective three (3) days after mailing.

**10. Default**

In the event Client fails to pay any amount due to Attorney hereunder, Attorney shall be entitled in any action brought to enforce this Agreement to recover all costs and expenses incurred, including reasonable attorney fees.

**11. Return of Records**

Upon termination of this Agreement, Attorney shall deliver all records, notes, data, and memorandum of any nature that are in the control of Attorney that are the property of or relate to the case, except that Attorney may retain copies of anything delivered.

**12. Disclaimer By Attorney**

Attorney makes no representation to Client or others with respect to the results to be achieved in the case.

**13. Ownership of materials**

All right, title and interest in and to materials to be produced by Attorney in connection with this Agreement and other services to be rendered under said Agreement shall be and remain the sole and exclusive property of Attorney, except in the event Client performs fully and timely its obligations hereunder Client shall be entitled to receive, upon request, one copy of all such materials, and shall be entitled to the non-exclusive right to use all such materials.

**14. Miscellaneous.**

   a.   Time is hereby expressly made of the essence of this Agreement with respect to the

performance by the parties of their respective obligations hereunder.

b.  This Agreement contains the entire agreement of the parties. It is declared by the Parties that there are no other oral or written agreements or understanding between them affecting this Agreement or relating to the business of Attorney. This Agreement supersedes all previous agreements between Attorney and Client.

c.  This Agreement may be modified or amended provided such modifications or amendments are mutually agreed upon by the Parties and that said modifications or amendments are made only by an instrument in writing signed by the Parties or an oral agreement to the extent that the parties carry it out.

d.  The failure of either party, at any time, to require any such performance by any other party shall not be constructed as a waiver of such right to require such performance, and shall in no way affect such party's right to require such performance and shall in no way affect such party's right subsequently to require a full performance hereunder.

e.  THIS AGREEMENT IS EXECUTED PURSUANT TO AND SHALL BE INTERPRETED AND GOVERNED FOR ALL PURPOSES BY THE LAWS OF THE STATE OF ILLINOIS. ANY ACTION BROUGHT UNDER THIS AGREEMENT SHALL BE BROUGHT IN AND ONLY IN THE CIRCUIT COURT OF KANE COUNTY, ILLINOIS AND THE PARTIES WAIVE ANY OBJECTION TO JURISDICTION OR VENUE IN SUCH COURT.

f.  If any provision of this Agreement shall be held to be contrary to law, void, invalid or unenforceable for any reason, such provision shall be deemed severed from this Agreement and the remaining provisions of this Agreement shall continue to be valid and enforceable. If a Court finds that any provision of this Agreement is contrary to law, void, invalid or unenforceable and that by limiting such provision it would become valid and enforceable, then such provision shall be deemed to be written, construed and enforced as so limited.

g.  This Agreement may be executed in counterparts, notwithstanding the date or dates upon which this Agreement is executed and delivered by any of the parties, and shall be deemed to be an original and all of which shall constitute one agreement effective as of the reference date first written below. An executed faxed copy of this Agreement shall be construed by all parties hereto as an original version of the Agreement.

IN WITNESS WHEREOF, THE PARTIES hereto have set forth their hands and seal in
execution of this Agreement on June 19, 2018.

Windy City Financial Partners, Inc.
By: Its authorized agent

Joshua D. Greene
Springer Brown, LLC
300 S. County Farm Road
Suite I
Wheaton, IL 60187
jgreene@springerbrown.com

# United States Bankruptcy Court
## Northern District of Illinois

In re __Windy City Financial Partners, Inc.__          Case No. _____
                      Debtor(s)       Chapter    __11__

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Robert Lyman** | | | **75% Shareholder** |
| **Susan Ekstrom** | | | **25% Shareholder** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

    I, the **President** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date   __July 31, 2018__          Signature   __/s/ Robert Lyman__
                                          **Robert Lyman**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## Northern District of Illinois

In re  **Windy City Financial Partners, Inc.** _____    Case No. _____
                                                    Debtor(s)              Chapter    **11** _____

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____    **40**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:  **July 31, 2018** _____    **/s/ Robert Lyman** _____
                                                      **Robert Lyman/President**
                                                      Signer/Title

Access One-Telephones
820 W Jackson
Suite 650
Chicago, IL 60607


Accounting Freedom
468 N Lake Street
Mundelein, IL 60060


AIN
2801 Townsgate Rd.
Suite 350
Westlake Village, CA 91361


Amex
Box 0001
Los Angeles, CA 90096


AXA
8501 IBM Drive
Suite 150
Charlotte, NC 28262


Bank s/c
2560 W Golf Road
Hoffman Estates, IL 60169


Bob Lyman
2500 W. Higgins Road
Suite 360
Hoffman Estates, IL 60169


Bob Lyman
2500 West Higgins Road
Suite 360
Hoffman Estates, IL 60169


Brown & Brown Insurance
PO Box 7048
Orange, CA 92863


Comcast
2800 W Higgins Rd
Hoffman Estates, IL 60169

ComEd
PO Box 6111
Carol Stream, IL 60197


D & D Office
940 W Lake Street
Roselle, IL 60172


Duku
10866 Washington Blvd #126
Culver City, CA 90232


Estate and Trust Services Group
c/o Gregory Friedman
150 S. Wacker Drive, Suite 2600
Chicago, IL 60606


Estate of Eric Ekstrom


Express Image-APS
PO Box 185
Torrance, CA 90507


Faulkner
12395 World Trade Drive
San Diego, CA 92102


FedEx
PO Box 94515
Palatine, IL 60094


FSG
1520 Carlemont Drive
Suite J
Crystal Lake, IL 60014


Google
1600 Amphitheatre Parkway
Mountain View, CA 94043


Hancock
30 Dan Road
Suite 55765
Canton, MA 02021

Hanover Hoffman Estates, LLC
c/o Illinois Property Solutions
1809 N. Mill St., Suite E
Naperville, IL 60563


Hinkley Springs
PO Box 660579
Dallas, TX 75266


Illinois Department of Revenue
Bankruptcy Section Level 7-425
100 W. Randolph Street
Chicago, IL 60602


Internal Revenue Service
Mail Stop 5010 CHI
230 S. Dearborn Street
Chicago, IL 60604


Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346


Ipipline
222 Valley Creek Blve
Suite 300
Exton, PA 19341


Janitorial
305 S Roselle Rd
Roselle, IL 60172


JP Morgan Chase Bank NA
120 S. LaSalle St.
Chicago, IL 60603


NAIFA
2901 Telestar Ct
Falls Church, VA 22042


NetAssurance
578 Washington Blvd # 548
Marina Del Rey, CA 90292

Nicor
PO Box 5407
Carol Stream, IL 60197

NIPR licenses
1100 Walnut Street
Suite 1500
Kansas City, MO 64106

Northern Trust
50 S LaSalle Street
Chicago, IL 60603

Pacific Life Insurance
45 Enterprise Drive
Mail Stop: NALO
Riverdale, CA 93656

Postage
3001 Summer Street
Stamford, CT 06926

Rent
Po Box 776247
Chicago, IL 60677

Scott Hunken
2550 Compass Road
Suite H
Glenview, IL 60026

SureLC
6501 Congress Ave.
Suite 240
Boca Raton, FL 33487

United Health Care
9800 Helath Care Lane
Minneapolis, MN 55440-1459

# United States Bankruptcy Court
### Northern District of Illinois

In re  __Windy City Financial Partners, Inc.__

Debtor(s)

Case No. _____

Chapter  __11__

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for  __Windy City Financial Partners, Inc.__  in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

__July 31, 2018__

Date

__/s/ Joshua D. Greene__

__Joshua D. Greene__

Signature of Attorney or Litigant

Counsel for   __Windy City Financial Partners, Inc.__

**Springer Brown, LLC**
**300 S. County Farm Road**
**Suite I**
**Wheaton, IL 60187**
**630-510-0000 Fax:630-510-0004**
**www.springerbrown.com**