**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | | |
|---|---|---|---|
| In re: | ) | Chapter: | 11 |
| | ) | | |
| | ) | Case No. | 18 B 21465 |
| Windy City Financial Partners, Inc., | ) | | |
| | ) | Judge: | Hon. Jacqueline P. Cox |
| | ) | | |
| Debtor. | ) | | |

**NOTICE OF MOTION**

TO:   See attached Service List

Please take notice that on **August 16, 2018** at **9:30 a.m.**, Joshua D. Greene of the firm of Springer Brown, LLC shall appear before the Honorable Judge **Jacqueline P. Cox**, or any judge sitting in her place and stead, in **Courtroom No. 680** in the United States Bankruptcy Court, for the Northern District of Illinois, Eastern Division, located at **2l9 South Dearborn, Chicago, Illinois**, and present *Debtor's Motion for Interim and Final Orders (A) Authorizing Debtor to Use Cash Collateral of Estate and Trust Services Group, LLC and Other Collateral and Granting Adequate Protection Pursuant to Sections 361, 362 and 363 of the Bankruptcy Code, and (B) to Schedule a Final Hearing*, a copy of which is hereby served upon you.

Joshua D. Greene
Springer Brown, LLC
300 South County Farm Rd., Suite I
Wheaton, IL 60187
630-510-0000
jgreene@springerbrown.com

**CERTIFICATE OF SERVICE**

I, the undersigned, an attorney, hereby state that pursuant to the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and MOTION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail on August 9, 2018

/s/ Joshua D. Greene /s/

SERVICE LIST

*Via Electronic Service*

United States Trustee
Patrick S. Layng
219 South Dearborn St.
Suite 873
Chicago, Illinois 60604

Michelle Carey
Friedman Maguire & Carey
150 S. Wacker Drive
Chicago, IL 60606
mcarey@fmpclaw.com

*Via United States Mail*

Windy City Financial Partners, Inc.
2500 West Higgins Rd.
Suite 360
Hoffman Estates, IL 60169

AIN
2801 Townsgate Rd., Ste. 350
Westlake Village, CA 91361

AXA
8501 IBM Drive, Suite 150
Charlotte, NC 28262

Access One-Telephones
820 W. Jackson, Ste. 650
Chicago, IL 60607

Accounting Freedom
468 N. Lake Street
Mundelein, IL 60060

Amex
Box 0001
Los Angeles, CA 90096

Bank s/c
2560 W. Golf Road
Hoffman Estates, IL 60169

Bob Lyman
2500 W. Higgins Road, Ste. 360
Hoffman Estates, IL 60169

Brown & Brown Insurance
P.O. Box 7048
Orange, CA 92863

ComEd
P.O. Box 6111
Carol Stream, IL 60197

Comcast
2800 W. Higgins Rd.
Hoffman Estates, IL 60169

D&D Office
940 W. Lake Street
Roselle, IL 60172

Duku
10866 Washington Blvd., #126
Culver City, CA 90232

Estate and Trust Services Group
c/o Gregory Friedman
150 S. Wacker Drive, Suite 2600
Chicago, IL 60606

Express Image-APS
P.O. Box 185
Torrance, CA 90507

FSG
1520 Carlemont Drive, Ste. J
Crystal Lake, IL 60014

Faulkner
12395 World Trade Drive
San Diego, CA 92128

FedEx
P.O. Box 94515
Palatine, IL 60094

Google
1600 Amphitheatre Parkway
Mountain View, CA 94043

Hancock
30 Dan Road, Ste. 55764
Canton, MA 02021

Hanover Hoffman Estates, LLC
c/o Illinois Property Solutions
1809 N. Mill St., Ste. E
Naperville, IL 60563

Hinkley Springs
P.O. Box 660579
Dallas, TX 75266

Illinois Department of Revenue
Bankruptcy Department
P.O. Box 64338
Chicago, IL 60664

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101

Ipipline
222 Valley Creek Blve., Ste. 300
Exton, PA 19341

JP Morgan Chase Bank NA
120 S. LaSalle St.
Chicago, IL 60603

Janitorial
305 S. Roselle Rd.
Roselle, IL 60172

NAIFA
2901 Telestar Ct.
Falls Church, VA 22042

NIPR licenses
1100 Walnut Street, Ste. 1500
Kansas City, MO 64106

NetAssurance
578 Washington Blvd., #548
Marina Del Ray, CA 90292

Nicor
P.O. Box 5407
Carol Stream, IL 60197

Northern Trust
50 S. LaSalle Street
Chicago, IL 60603

Pacific Life Insurance
445 Enterprise Drive
Mail Stop: NALO
Riverdale, CA 93656

Postage
3001 Summer Street
Stamford, CT 06926

Rent
P.O. Box 776247
Chicago, IL 60677

Scott Hunken
2550 Compass Road, Ste. H
Glenview, IL 60026

SureLC
6501 Congress Ave., Ste. 240
Boca Raton, FL 33487

United Health Care
9800 Health Care Lane
Minneapolis, MN 55440

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | | |
|---|---|---|---|
| In re: | ) | Chapter: | 11 |
| | ) | | |
| | ) | Case No. | 18 B 21465 |
| Windy City Financial Partners, Inc., | ) | | |
| | ) | Judge: | Hon. Jacqueline P. Cox |
| | ) | | |
| Debtor. | ) | | |

**DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS (A) AUTHORIZING DEBTOR TO USE CASH COLLATERAL OF ESTATE AND TRUST SERVICES GROUP, LLC AND OTHER COLLATERAL AND GRANTING ADEQUATE PROTECTION PURSUANT TO SECTIONS 361, 362 AND 363 OF THE BANKRUPTCY CODE, AND (B) TO SCHEDULE A FINAL HEARING**

NOW COMES the Debtor-In-Possession, Windy City Financial Partners, Inc. ("Debtor"), by its undersigned counsel, Joshua D. Greene and the firm of Springer Brown, LLC, and submits this Motion for Entry of Interim and Final Orders Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection Pursuant to 11 U.S.C. §§361, 362 and 363 to Estate and Trust Services Group, LLC, and to Schedule a Final Hearing (the "Motion"). In support of this Motion, the Debtor submits as follows:

**Jurisdiction and Background**

1. On July 31, 2018 (the "Petition Date"), Debtor filed a voluntary petition in this Court for reorganization under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 *et seq* (the "Code").

2. The Debtor continues to manage and operate its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Code.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b).

4. The statutory basis for the relief requested by the Motion are 11 U.S.C. §§361, 362 and 363, Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-2 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules")

5. Debtor provides insurance solutions for individuals and insurance agencies throughout the country. Due to a judgment entered against it by one of its creditors and supplementary proceedings being instituted, Debtor filed the present chapter 11 case.

## Prepetition Capital Structure

6. Prior to the Petition Date, Debtor owed certain sums of money to Estate and Trust Services Group, LLC ("ETSG") pursuant to a judgment order entered by the Circuit Court of Cook County, Illinois which was secured by a statutory lien due to the issuance of a citation to discover assets to Debtor. As of the Petition Date, there was and remains due and owing from the Debtor to ETSG the total secured amount of approximately $277,986.00. Debtor has appealed the judgment.

7. As of the Petition Date, ETSG holds a second-priority, perfected lien on substantially all of the Debtor's pre-petition assets, including but not limited to, cash on hand, inventory, accounts receivable, and general intangibles, together with the proceeds thereof, due to the issuance of the citation to discover assets. While the Debtor has appealed the judgment, the citation is valid unless the judgment is reversed on appeal.

## Relief Requested

8. By this Motion, the Debtor requests (A) entry of interim and final orders authorizing the Debtor to use ETSG's cash collateral pursuant to Sections 361, 362 and 363 of the Code and any other collateral in which ETSG has an interest in (the "Prepetition Collateral"), and provide adequate protection of ETSG's interests in the Prepetition Collateral resulting from

its use; and (B) pursuant to Bankruptcy Rule 4001, schedule, within 30 days of the entry of the Interim Cash Collateral Order, a hearing (the "Final Hearing") for this Court to consider entry of a final order authorizing the use of Cash Collateral, as set forth in this Motion. The proposed interim cash collateral order to be entered ("Interim Cash Collateral Order") is attached hereto.

9. Without the use of the Cash Collateral, the Debtor does not have sufficient available working capital to finance its ongoing post-petition business operations. Debtor believes that use of its Cash Collateral will allow it to operate as a going concern, and thus maximize the value of the estate for all creditors. In the absence of immediate authorization of the use of the Cash Collateral, the Debtor could not continue to operate its business, and will incur immediate and irreparable harm to its estate. The use of such Prepetition Collateral is fair and reasonable and reflects the Debtor's exercise of prudent business judgment consistent with its fiduciary duties. Further, the Debtor believes that the proposed adequate protection payment of $500 per month to ETSG, plus deposit of $100,000.00 into an escrow account, including the use of Cash Collateral to pay post-petition operating expenses and post-petition liens, will preserve the value of the Debtor's estate for the benefit of ETSG and other creditors.

10. Local Rule 4001-2, which governs cash collateral motions filed within this Judicial District, requires the Debtor to highlight certain provisions contained in the Interim Cash Collateral Order, identify the location of any such provision in such order, and state the justification for the inclusion of such provision. The Debtor believes that Local Rule 4001-2 is minimally implicated by the provisions of the Interim Cash Collateral Order, but to the extent that Local Rule 4001-2 is implicated, that such provisions are justified and necessary in the context and circumstances of this case.

11. Local Rule 4001-2(A)(2)(b) provides for additional disclosure with respect to findings of fact that bind the estate or all parties in interest with respect to the validity, perfection

or amount of the secured creditor's lien without giving parties in interest at least 75 days from the entry of the order and the creditors' committee, if formed, at least 60 days from the date of its formation to investigate such matters. In Sections (2) and (I) of the Interim Cash Collateral Order, Debtor acknowledges the validity and amount of ETSG's lien. However, Debtor believes that these sections are appropriate because it may be necessary to obtain ETSG's consent to the use of cash collateral. Moreover, the Interim Cash Collateral order provides that this provision is not binding on any future creditor's committee or trustee, nor is it binding in the event that the judgment is reversed on appeal.

12. Local Rule 4001-2(A)(3) requires that all cash collateral motions provide a summary of all provisions that must be highlighted under Local Rule 4001-2(A)(2) and a summary of the essential terms of the proposed usage of cash collateral. Debtor asserts that it has complied with this requirement by attaching the Interim Cash Collateral Order, which contains all of the terms of the Debtor's use of Cash Collateral, including those specifically referenced in Local Rule 4001-2(A)(3).

13. Lastly, Local Rule 4001-2(A)(4) provides that all cash collateral motions must provide a budget covering the time period in which the order shall remain in effect. In satisfaction of such requirement, attached to the Motion as **Exhibit A** is a copy of the budget (the "Budget"). The Debtor shall file updated versions of the Budget with the Court as such updates become available.

## The Court Should Allow the Debtor to Provide Adequate Protection

14. Under Section 363(c)(2) of the Code, the Debtor may not use the Cash Collateral without the consent of the Secured Lenders or authority granted by the court. 11 U.S.C. §363(c)(2). Section 363(e) of the Bankruptcy Code provides that on request of an entity that has

an interest in property to be used by a debtor, the court shall prohibit or condition such use as is necessary to provide adequate protection of such interest. 11 U.S.C. §363(e).

15. As adequate protection for ETSG's interest in the Cash Collateral, the Debtor proposes to use the Cash Collateral solely for the purposes outlined in the Interim Cash Collateral Order. The Debtor further proposes to: (1) make adequate protection payments to ETSG in the amount of $500 per month; (2) deposit $100,000.00 into an escrow account; (3) for any diminution in value of ETSG's interests in the Cash Collateral from and after the Petition date, grant ETSG a replacement lien on all of the Debtor's assets; and (4) for any diminution in value of ETSG's interests in the Cash Collateral from and after the Petition date, grant ETSG an administrative expense claim pursuant to Section 507(b) of the Code.

16. The Debtor requests that the Court find that the foregoing adequate protection to be granted to ETSG is reasonable and sufficient to protect its interests, without prejudice to the rights of ETSG to request additional adequate protection in the future.

WHEREFORE, the Debtor prays for entry of the Proposed Cash Collateral Order and granting such other and further relief as the court deems equitable and just.

> Respectfully Submitted,
> Windy City Financial Partners, Inc.
>
> By: /s/ Joshua D. Greene
>     One of its attorneys

Joshua D. Greene
**Springer Brown, LLC**
300 South County Farm Rd.
Suite I
Wheaton, Illinois 60187
(630) 510-0000
Fax: (630) 510-0004
jgreene@springerbrown.com